Govind REDDY, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76602.

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 2006.*

Sept. 19, 2006.

---

\* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Alan G. McGonigal, Esq., USWH—Office of the U.S. Attorney, Wheeling, WV, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Govind Reddy is a native and citizen of Fiji. Reddy petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003),

and we grant and remand in part, and deny in part the petition this petition for review.

■ Substantial evidence does not support the IJ's adverse credibility determination because it relied upon the omission of minor details, and alleged statements regarding the burning of his farm that were not actually inconsistent. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 685 (9th Cir.2003); *see also Wang v. Ashcroft,* 341 F.3d 1015, 1021 (9th Cir.2003) (rejecting inconsistencies that were not material to the heart of petitioner's claim); *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000) (concluding that there was no actual inconsistency between allegedly discrepant statements).

■ Substantial evidence supports the IJ's determination that Reddy did not establish past persecution or a well-founded fear of persecution on account of his political opinion or religion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). However, substantial evidence does not support the IJ's determination that the attack on Reddy by ethnic Fijians had no nexus to a protected ground, because his attackers' statements evidenced that they were motivated by Reddy's race. *See Ali v. Ashcroft,* 394 F.3d 780, 786 (9th Cir.2005).

■ Because the IJ failed to analyze Reddy's claim of past persecution on account of his race, the IJ did not consider the other aspects necessary for past persecution, namely, whether this incident rose to the level of persecution, and whether it was committed by forces the government was unwilling or unable to control. *See Navas v. INS,* 217 F.3d 646, 655–56 (9th Cir.2000). Furthermore, if the agency de-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

termines that Reddy suffered past persecution on account of his race, then Reddy has a rebuttable presumption of a well-founded fear of persecution and a presumption of withholding of removal. *See Ali*, 394 F.3d at 787–88, 791. Accordingly we must remand those issues to the agency for further proceedings consistent with this order. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ Finally, we conclude that substantial evidence supports the IJ's conclusion that Reddy did not establish that it is more likely than not that he will be tortured if returned to Fiji, and we deny the CAT claim. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED and REMANDED in part; and DENIED in part.**